**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000469
16-NOV-2022
08:12 AM
Dkt. 58 ODSLJ**

NO. CAAP-21-0000469

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DJ, Plaintiff-Appellant, v.
CJ, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FD-C NO. 12-1-6689 )

ORDER DISMISSING APPEAL AS MOOT
(By:  Ginoza, Chief Judge, Leonard and Chan, JJ.)

Plaintiff-Appellant DJ (**Father**) appeals from the August 12, 2021 "Order Re: Defendant's Ex Parte Motion to Shorten Time to Hear Defendant's Emergency Motion for the Immediate Return of Children" (**8/12/21 Order**) entered by the Family Court of the First Circuit (**Family Court**).[1]  The 8/12/21 Order required that Father return his two minor children, RJ and CJ (**Children**), to Defendant-Appellee CJ, nka, CT (**Mother**) and awarded Mother reasonable expenses incurred in the matter, including attorney's fees and any other costs.

On appeal, Father contends the Family Court erred in granting "[Mother's] Ex Parte Motion for the Immediate Return of the Children or, Alternatively, to Shorten Time to Hear Defendant's Emergency Motion for the Immediate Return of Children" (**Mother's ex parte Motion**) by: (1) denying him an opportunity to be heard thereby disregarding rules of principles

---

[1]  The Honorable Bryant Zane presided.

of law or practice to Father's substantial detriment and violating Father's due process rights; and (2) failing to inquire as to the Children's changed circumstances and failing to consider the Children's best interests in its 8/12/21 Order.  In particular, Father asserts the Family Court issued the 8/12/21 Order before Father could file a petition for restraining order in a separate action, which he eventually filed on August 16, 2021, where he raised issues about the safety and well-being of the children.

We conclude this appeal must be dismissed on grounds of mootness.

### I.  Background

Father does not challenge the Family Court's September 27, 2021 "Findings of Fact and Conclusions of Law" (**FOFs/COLs**). The unchallenged FOFs are thus binding on appeal.  In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002).

Related to its 8/12/21 Order, the Family Court made the following FOFs:

> . . . .
>
> 2. [Father] and [Mother] (collectively, the "parties") are the natural parents of [the Children];
>
> 3. The parties were divorced on October 25, 2012;
>
> 4. On February 1, 2016, Mother filed a Motion for Post Decree Relief, wherein she requested relocation of the Children to North Carolina;
>
> 5. A trial on Mother's relocation motion was held on September 30, 2016, and the Family Court thereafter granted Mother's request to relocate the Children;
>
> 6. Father appealed the Family Court's order granting relocation. That appeal culminated in a decision vacating the order and remanding to the Family Court;
>
> 7. On remand to the Family Court, Father filed further motions regarding custody of the Children. Those motions were heard on July 22, 2020, before the Honorable Kevin T. Morikone;
>
> . . . .
>
> 12. A settlement conference with the court was scheduled for March 16, 2021;
>
> 13. Prior to the settlement conference, the parties, through counsel, negotiated an agreement that addressed the issues of custody and visitation;

14. On March 15, 2021, Father's counsel submitted for the court's approval an order stating, *inter alia,* that:

> a. The parties have reached an agreement that fully addresses the motions set for hearing on 3/16/21;
>
> b. The hearing set for March 16, 2021 is removed from calendar;
>
> c. All prior consistent orders to remain in full force and effect, and;
>
> d. [The Settlement] Agreement is attached as Exhibit A.

15. Attached to the March 15, 2021, submission was a "Stipulation and Order" prepared by Father's counsel. The Stipulation and Order was signed by both parties as well as counsel for each party;

16. The Stipulation and Order provided that "the parties believe it is in the best interest of the children to avoid further litigation on the pending Motions";

17. The Stipulation and Order provided that Defendant-Mother "is awarded physical custody of the minor children in Greensboro, North Carolina .... ";

18. With respect to the Children's Summer Break, the Stipulation and Order provided that the Children "shall travel to Plaintiff's place of residence in Honolulu for summer visitation" and that they "shall return no less than one week (7 days) before school commences in the fall";

19. The March 16, 2021, settlement conference was taken off calendar, and the order submitted on March 15, 2021, was entered by the Court on March 22, 2021.

20. Thereafter, Father voiced his disagreement with the Stipulation and Order but did not obtain a stay or modification of the order, or otherwise obtain any other order affecting custody of the Children;

21. The Children thereafter traveled to Hawaiʻi, and the Court finds that the parties understood and intended that the Children's travel to Hawaiʻi on or about June 2021 was for the purpose of the Children visiting with Father during the Children's Summer Break;

22. On April 23, 2021, Father's counsel filed a Motion for Leave to Withdraw as Counsel for Plaintiff;

23. On May 5, 2021, Plaintiff-Father, without his attorney, filed, among other motions, his Motion to Set Aside Stipulation and Order which was denied by the Court on July 13, 2021;

24. On July 16, 2021, Father *pro se* filed an Objection to the Court denying his Motion to Set Aside Stipulation and Order;

25. On July 27, 2021, Father *pro se* filed, among other motions, a second Motion to Set Aside Stipulation and Order;

26. Both the Objection and the second Motion to Set Aside Stipulation and Order were heard on September 1, 2021 and both were denied;

27. On June 24, 2021, a hearing was held in connection with Father's counsel's Motion for Leave to Withdraw as Counsel. At the hearing Father again voiced his disagreement with the Stipulation and Order. The Court informed Father of the Court's position that the Children were present in Hawaiʻi only for the purpose of summer visitation, and were expected to return to North Carolina no later than seven days before the first day of the 2021-2022 school year;

28. On June 24, 2021, the Court ordered that "[a]bsent further order of the court the children shall return to Defendant in North Carolina no later than seven days before the first day of the 2021/2022 school year.";

29. Father did not obtain any stay or modification of the June 24, 2021 order;

30. On July 2, 2021, the Court held a conference, during which the Court explained that Stipulation and Order signed by the parties and attached to the March 22, 2021, order was the controlling custody determination;

31. On July 26, 2021, the Court conducted a further conference in which it was explained to Father that the Stipulation and Order remained the operative and controlling custody determination;

32. On July 27, 2021, the Court signed and filed the Stipulation and Order as a separate document, apart from the March 22, 2021 order to which it had previously been attached;

33. Father did not obtain any stay or modification of the Stipulation and Order, either in connection with the March 22, 2021 order or following the entry of the Stipulation and Order as a standalone document;

34. Based on the foregoing, the Court finds that Father had ample notice of both the terms and the effect of the Stipulation and Order.

35. Separately, the Court finds that Father had sufficient notice and understanding of the Court's prior orders and the requirement that the Children return to North Carolina no later than seven days prior to the start of the 2021-2022 school year;

36. The start of the Children's school year in North Carolina was August 23, 2021, and based upon the Court's previous orders, the Children were to arrive back in North Carolina by no later than August 16, 2021;

37. On August 12, 2021, Defendant's Ex-Parte Motion for the Immediate Return of the Children or, Alternatively, to Shorten Time to Hear Defendant's Emergency Motion for the Immediate Return of the Children ("Defendant-Mother's Motion") was considered by this Court;

4

38. Defendant-Mother's Motion contained credible representations that indicated Plaintiff-Father would not abide by the previous orders of the Court to return the Children to North Carolina one week prior to the start of school;

39. Based upon the credible representations made in Defendant-Mother's Motion including Mother's counsel's declaration and also considering the Court's observation of Father's general opposition [to] the Court's previous orders to return the Children to North Carolina, this Court believed Father would not voluntarily return the Children to North Carolina by August 16, 2021;

40. On August 12, 2021, this Court granted Defendant-Mother's requested relief for immediate return of the Children without hearing which rendered moot the alternative requested relief to shorten time for hearing. This Court also awarded reasonable costs incurred;

41. Mother's action to secure timely return of the Children to North Carolina was reasonably necessary and appropriate[.]

(Emphases and some brackets added.)

## II.  Discussion

The Hawaiʻi Supreme Court has explained that "[m]ootness is one aspect of this court's prudential rules of justiciability concerned with ensuring the adjudication of live controversies." Doe v. Doe, 116 Hawaiʻi 323, 326, 172 P.3d 1067, 1070 (2007).  It is well-established that,

> a case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where "events" have so affected the relations between the parties that the two conditions for justiciability relevant on appeal—adverse interest and effective remedy—have been compromised.

Id. (brackets, ellipsis and citation omitted).  Finally,

> a case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper—and properly limited—role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar.

Id. (brackets and citation omitted).  "In sum, a case is moot if the reviewing court can no longer grant effective relief." Id. (quotation marks, brackets, and citation omitted).

In her answering brief, Mother contends that Father's appeal "relates only to the Family Court's enforcement of the

5

unchallenged requirement that Father return the Children to their home in North Carolina ahead of the upcoming school year." Therefore, Mother argues that Father's appeal is moot because the 8/12/21 Order did not change the Family Court's prior custody determination and there is no effective relief available to Father because the Children returned to North Carolina.  We agree.

Father does not argue that an exception to the mootness doctrine applies in this case. See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 10, 193 P.3d 839, 843, 848 (2008) (explaining the Hawaiʻi Supreme Court has recognized the public interest exception, the "capable of repetition, yet evading review" exception, and adopting the collateral consequences exception).  Rather, in his reply brief, Father argues that the "meaningful relief" available to him is custody of the Children back in Hawaiʻi.  In his opening brief, Father similarly requests that we order the Family Court "to issue an order for the immediate return of the children to [Father]," and an order to the Family Court to "conduct a proper hearing regarding custody of the children[.]" (Emphasis added.)

However, this is not an appeal from the March 22, 2021 Stipulation and Order which set forth the Family Court's determination of custody.  Accordingly, we do not have appellate jurisdiction to address the Stipulation and Order of custody previously issued by the Family Court.  Instead, Father appeals only from the 8/12/21 Order which required Father to return the Children to Mother's representatives in Hawaiʻi "by no later than 12:00 noon on August 14, 2021[,]" and awarded Mother attorney's fees and costs incurred in the matter.  Father does not provide any cogent argument that the 8/12/21 Order limited his right to visitation or otherwise changed the Family Court's orders regarding custody and visitation.  Rather, the 8/12/21 Order was enforcing the existing custody order in the case under the March 22, 2021 Stipulation and Order.

The unchallenged FOFs state, inter alia, "[t]he start of the Children's school year in North Carolina was August 23, 2021, and based upon the Court's previous orders, the Children

were to arrive back in North Carolina by no later than August 16, 2021[.]" In support of Mother's ex parte Motion, Mother's counsel attested that Mother "purchased airline tickets for the children to depart Honolulu on August 15, 2021, and arriving in North Carolina on August 16, 2021[.]" The parties do not dispute that the Children returned to North Carolina pursuant to the 8/12/21 Order. The 8/12/21 Order did not otherwise affect the Family Court's determination regarding custody and visitation, and this Court cannot grant Father the relief he seeks, because he seeks custody and the immediate return of the Children to Hawaiʻi. In other words, Father seeks to challenge the March 22, 2021 Stipulation and Order, which is not the order from which he appealed. Further, to the extent that Father references a petition for a restraining order in another case that he filed on August 16, 2021, after the 8/12/21 Order was issued in this case, that matter is not before us in this appeal.

Finally, Father does not challenge the award of attorney's fees and costs to Mother set forth in the 8/12/21 Order.

There is no effective remedy available to Father in this appeal and therefore the appeal is moot.

### III. Conclusion

For the reasons set forth above, this appeal is dismissed as moot.

DATED: Honolulu, Hawaiʻi, November 16, 2022.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge

7